■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 24, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court erred in denying that branch of his motion which was to suppress identification testimony on the ground that the pretrial identification procedures employed were tainted is without merit. The hearing court's determination that neither of the pretrial identification procedures was unduly suggestive is supported by the credible evidence adduced at the hearing. Thus, we decline to disturb that determination (see, People v Prochilo, 41 NY2d 759; People v Mattocks, 133 AD2d 89).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual

review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentencing court had the discretion to fix the minimum term of imprisonment at between one third and one half of the maximum term of imprisonment imposed, because the offense for which the defendant was being sentenced is a class B armed felony offense *(see,* Penal Law § 70.02 [4]; § 160.15 [4]; CPL 1.20 [41] [b]). Moreover, in imposing a minimum term of imprisonment of one half of the maximum term of imprisonment, the court did not exercise its discretion improvidently.

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.